**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JIANFEI XIE,

Petitioner,

v.

WARDEN OF DESERT VIEW FACILITY, et al.,

Respondents.

CASE NO. 5:26-cv-06719-SK

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jianfei Xie is a citizen of China detained at the Desert View Facility in Adelanto, California. He was arrested in October 2026, charged with removability as a B1/B2-visitor overstay, and ordered detained by an immigration judge at a custody redetermination hearing in late October. Yet petitioner does not challenge the immigration judge's detention order. Nor does he say whether he has appealed that detention order to the Board of Immigration Appeals. Regardless, he claims that he is entitled to immediate release—by a federal habeas court—for violations of his procedural and substantive due process rights. Neither constitutional claim succeeds.

1. "Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [petitioner's] detention is illegal today." *Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991). Here, "no matter the circumstances of the arrest that brought him into custody initially, petitioner [had] the chance to obtain release—and thus supersede his initial seizure—at a custody redetermination hearing before an immigration judge." *Mendez v. Senior Warden*, No. 5:26-CV-03901-DOC, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026). And yet, petitioner does not challenge the immigration judge's discretionary detention order on its own terms. That omission is dispositive, for even if

there were any antecedent violations of procedural due process, "habeas relief is unavailable because his claims have been mooted by a subsequent, unchallenged basis for detention." *Thiravong v. Scott*, 2026 WL 1382356, at *2 (W.D. Wash. May 18, 2026); *accord Wolck v. Weedin*, 58 F.2d 928, 930 (9th Cir. 1932) ("Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law."); *L-J-P-L-v. Wamsley*, No. 3:25-CV-1390-IM, 2025 WL 2430268, at *6 & n.3 (D. Or. Aug. 22, 2025) ("Even if these violations occurred, they are not appropriately raised in a habeas petition, which considers the lawfulness of a continuing detention.").

2. Otherwise, petitioner received all the minimum constitutional process due upon his arrest and initial detention. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). To the extent that petitioner takes issue with the timing of the bond hearing he received some 20 days or so after his arrest, he has not alleged—much less shown—any prejudice from that supposed delay in process. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008); *cf. United States v. Montalvo-Murillo*, 495 U.S. 711, 721 (1990) ("An order of release in the face of the Government's ability to prove at once that detention is required by the law has neither causal nor proportional relation to any harm caused by the delay in holding the hearing.").

3. "But even crediting petitioner's account"—that he was constitutionally guaranteed special notice and a scheduled pre-detention hearing in lieu of unannounced arrest—"release from custody would not follow as the proper § 2241 remedy." *Mendez*, 2026 WL 2449572, at *3; *accord L-J-P-L-*, 2025 WL 2430268, at *6 n.3. Contrary to petitioner's contention, the remedy for his asserted procedural due process violation is not invariably unconditional release. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is

not the appropriate one in every case in which the writ is granted.”). Because habeas petitions must be resolved “as law and justice require,” 28 U.S.C. § 2243, “federal courts may delay the release of a successful habeas petitioner in order to provide the [government] an opportunity to correct the constitutional violation found by the court.” *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *accord Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

4. That is why for detainees like petitioner—who were never previously released on bond or parole and are subject to discretionary detention only—the most common (though admittedly not uniform) remedy has been a conditional habeas writ ordering release within a set time unless the detainees are given a prompt detention hearing before an immigration judge consistent with 8 U.S.C. § 1226(a). *See*, *e.g.*, *Fuentes v. Mullin*, No. 5:26-CV-01651-KS, 2026 WL 1847436, at *8 (C.D. Cal. June 25, 2026); *Ramirez v. Warden*, No. 5:26-CV-02714-CV, 2026 WL 1658506, at *2 (C.D. Cal. June 5, 2026); *Herrera v. Mullin*, No. 5:26-CV-01561-CAS, 2026 WL 915184, at *1 (C.D. Cal. Apr. 3, 2026); *Zabala v. Bowen*, No. 5:26-CV-0918-MRA, 2026 WL 874740, at *2 (C.D. Cal. Mar. 26, 2026).

5. None of that is to deny that petitioner, even as a noncitizen, has a protected liberty interest against unjustified physical restraint. But while he “has a private interest in remaining free, he does not possess the same liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole.” *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-CV-00725-RBM, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026). Thus, his reliance on the cases that may have ordered immediate release “when the Government seeks to re-detain a noncitizen previously released under Section 1226(a)” is misplaced here. *Herman v. DHS*, No. 5:26-CV-01995-MBK, 2026 WL 1723960, at *4 (C.D. Cal. June 12, 2026); *see Sheng v. Janecka, et al.*, No. 5:26-CV-04398-BFM, 2026 WL 2365088, at *1 (C.D. Cal. Aug. 14, 2026) (finding “analogy to that body of caselaw fails, however, because Petitioner was not previously released on parole”); *Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK,

2026 WL 1772761, at *2 (C.D. Cal. June 16, 2026) (explaining that in cases ordering immediate release for procedural due process violation, "petitioners had been previously released by immigration authorities based on a determination that their detention was not necessary, only to be later re-detained").

6. Nor is petitioner right that the federal government—writ large—has somehow bestowed a unique liberty interest merely by acquiescing to his visa overstay for a couple of years. "[T]he Supreme Court has long held that aliens do not gain a blanket 'liberty' interest by entering the United States or by continuing to reside here after entry." *Rodriguez v. Vergara*, --- F.4th ---, 2026 WL 3181188, at *10 (5th Cir. Oct. 23, 2026) (en banc) (citing *Nishimura Ekiu v. United States*, 142 U.S. 651, 659-60 (1892); and *Fong Yue Ting v. United States*, 149 U.S. 698, 707 (1893)). To be sure, petitioner's contention may be understandable in practical reliance terms. Even so: "Life in the United States, though highly prized, cannot be defined as a universal liberty." *Id.* (citation omitted). Thus, petitioner's supposition that he somehow acquired "a core, enumerated interest in 'freedom from physical restraint'"—just "because of the length of [his] residence here and [his] significant ties to the country"—is constitutionally "untenable." *Id.*

7. Finally, there is no merit to petitioner's substantive due process claim. The overriding purpose of detention pending removal proceedings is to determine removability and, if found removable, to effectuate removal from the country. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (prohibiting post-removal-order detention only when "the Government finds itself unable to remove" a noncitizen who then otherwise faces "an indefinite term of imprisonment within the United States"). And it is Congress, not the federal judiciary, that enjoys "broad power over naturalization and immigration"—and thus "regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79-80 (1976); *see Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (The Supreme Court

"has repeatedly emphasized that 'over no conceivable subject is the legislative power of Congress more complete than it is over' the admission of aliens.") (quoting *Oceanic Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909)). Among those rules: detention of noncitizens pending removal from the United States.

8. To be sure, whether the Executive *should* detain those like petitioner pending their removal proceedings is a legitimate policy question—and the subject of valid public debate. But that is different from whether the Executive *can* detain those like petitioner—who remain in the United States without lawful status—under immigration detention statutes Congress duly enacted. As applied to petitioner's situation, then, substantive due process is no bar to his pre-removal detention since there is a defined endpoint to removal proceedings. *See Prieto-Romero*, 534 F.3d at 1063–65.

* * *

For all these reasons, the habeas petition is denied. Judgment will be entered dismissing this action without prejudice, subject to the understanding that any successive petition under 28 U.S.C. § 2241 may still be reviewed for abuse of the writ. *See Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023).

IT IS SO ORDERED.

DATED: November 11, 2026

STEVE KIM
United States Magistrate Judge